UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JOHN JAIRO SANCHEZ DIAZ,

    Petitioner,

v.

THE UNITED STATES OF AMERICA

    Respondent.

Civ. No. 2:21-15884 (WJM)

OPINION

**WILLIAM J. MARTINI, U.S.D.J.:**

Petitioner John Jairo Sanchez-Diaz ("Petitioner") brings this motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence due to ineffective assistance of counsel. (ECF No. 1.) For the reasons stated herein, Petitioner's motion for habeas corpus relief is **denied**.

### I.   BACKGROUND

During a lawful stop of Petitioner's vehicle, acting upon Petitioner's consent, law enforcement discovered large bundles of cash in Petitioner's car and on his person. Subsequently, two digital scales, a log, two small bundles of cash, and approximately four kilograms of heroin were found during a search of Petitioner's home. On May 8, 2018, Mr. Sanchez-Diaz entered a plea of guilty to a one-count information that charged that on August 10, 2017, he distributed and possessed with intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). (Docket 2:18-cr-00273 ("Crim. Docket"), ECF Nos. 20, 22.) On November 20, 2018, Mr. Sanchez-Diaz was sentenced to 84 months imprisonment and a three-year term of supervised release. (Crim. Docket ECF No. 34.)

On November 15, 2019,[1] Mr. Sanchez-Diaz filed a Motion for Extension of Time to file his § 2255 habeas petition. (Crim. Docket ECF No. 38.) On February 3, 2020, this Court granted Petitioner's motion to extend time and gave him 90-days to file his habeas application; however, since the Court did not have the benefit of the habeas petition, the Court declined to rule on whether the one-year deadline for filing a § 2255 application was

---

[1] Petitioner's motion for extension of time was docketed on November 25, 2019, but it is dated November 15, 2019, within the one-year limitation period.

equitably tolled. (Feb. 3, 2020 Op. and Order, Crim. Docket ECF Nos. 41, 42.) Instead, the Court ordered that Petitioner's habeas petition "shall address both the issue of timeliness and underlying merits." (*Id.*) Petitioner submitted his habeas application on May 1, 2020, although it was not received by the Court and docketed until August 23, 2021. (ECF No. 1.)[2]

In his § 2255 application, Petition contends that defense counsel rendered ineffective assistance of counsel during plea negotiations by failing to investigate factors that would have lessened his sentence, such as his: 1) employment and tax payment history, education and upbringing, character, lack of prior criminal conduct, unlikelihood of recidivism; and 2) application of the "fast-track" program. Here, for the reasons discussed below, Petitioner's habeas application was not equitably tolled, and even if it had been, the record conclusively demonstrates that Petitioner's request for habeas relief lacks merit.

## II. DISCUSSION

Section 2255 provides, in relevant part, that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Petitioner bears the burden of proving his entitlement to relief under 28 U.S.C. § 2255. *United States v. Davies*, 394 F.3d 182, 189 (3d Cir. 2005). In that regard, Petitioner as a general rule, must show that his conviction is illegal, *United States v. Hollis*, 569 F.2d 199, 206 (3d Cir. 1977), and must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982); *accord United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014) (as a collateral challenge, a motion pursuant to § 2255 is reviewed much less favorably then a direct appeal of the sentence). A district court must hold an evidentiary hearing on a § 2255 motion unless the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255(b); *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005).

---

[2] The Court deems Petitioner's habeas to have been filed on May 1, 2020 at the time he "deposited" his initial petition into the prison mailbox. *See* Crim. Docket ECF No. 43; *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998).

2

A. Timeliness

Collateral motions for relief under § 2255 are subject to a one-year statute of limitations and must be filed within one-year from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

The Court made clear that its grant of Petitioner's request for an extension of time was not a ruling that the filing for the habeas application was equitably tolled. Instead, the Court specifically required Petitioner's habeas petition to "address both the issue of timeliness and underlying merits." Feb. 3, 2020 Op. at 2.

However, Petitioner fails to address timeliness in his habeas petition, only summarily stating that his petition is timely pursuant to the Court's February 3, 2020 Order. The Court therefore looks to the Petitioner's application for an extension of time to determine whether equitable tolling of the one-year deadline to file a § 2255 motion is appropriate. In that motion, Petitioner argued that he was entitled to an extension because: (1) he has limited command of the English language; (2) he "did not carefully comprehend most of the facts" of his case, which he regards as complex and requiring extensive research; and (3) he is not housed in a facility that provides the necessary tools for him to conduct legal research. Crim. Docket ECF 38.

"[E]quitable tolling permits untimely habeas filings in 'extraordinary situations.'" *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013) (citing *Miller v. N.J. State Dep't of Corr.*, 145 F.3d 616, 618 (3d Cir. 1998)). In determining whether equitable tolling should apply, the unique circumstances of each petitioner seeking relief under § 2255 must be taken into account. *See id.* (citing *Pabon v. Mahaney*, 654 F.3d 385, 399 (3d Cir. 2011)). "[E]quity permits extending the statutory time limit when a defendant shows that (1) 'he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Id.* (citing *Holland v. Florida*, 560 U.S. 631 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005))). "The habeas petitioner bears the burden of demonstrating *both* his entitlement to equitable tolling and his due diligence."

3

*Mohammed v. Gavin*, 2013 WL 6485904, at * 4 (E.D. Pa. Dec. 10, 2013) (emphasis added) (citing *Pace*, 544 U.S. at 418). Equitable tolling should be used sparingly when the "principles of equity would make the rigid application of a limitation period unfair," *Pabon*, 654 F.3d at 399 (citing *Miller*, 145 F.3d at 618). "Mere excusable neglect is insufficient." *Thomas*, 713 F.3d at 174 (citing *Robinson v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2002)).

As to the first inquiry, Petitioner must demonstrate diligence in pursuing his rights, which he has failed to show. "The diligence inquiry is fact-specific inquiry and depends on the circumstances faced by the particular petitioner; there are no bright line rules as to what conduct is insufficient to constitute reasonable diligence. If a petitioner "'did what he reasonably thought was necessary to preserve his rights ... based on information he received ..., then he can hardly be faulted for not acting more 'diligently' than he did.'" *Munchinski v. Wilson*, 694 F.3d 308, 331 (3d Cir. 2012) (citing *Holmes v. Spencer*, 685 F.3d 51, 65 (1st Cir. 2012)). Here, Petitioner has not demonstrated or even alleged that he made any other efforts to pursue his rights. According to the case docket, apart from filing the habeas petition, the only other attempt Mr. Sanchez-Diaz made to pursue his rights was a letter he wrote to the Court on November 26, 2019 requesting specific information and documents pertaining to his case. Crim. Docket ECF No. 39. *Compare Pabon*, 654 F.3d at 402 (finding petitioner exercised reasonable diligence where his efforts included, among other things, seeking assistance 10 or more times, writing to attorney twice in Spanish requesting assistance, submitting "numerous written requests" seeking legal materials and assistance within prison). Accordingly, Petitioner has not demonstrated that he has been pursuing his rights diligently.

Even assuming that Petitioner was able to satisfy the diligence prong, Petitioner must also show that "extraordinary circumstances" stood in the way of his timely filing. As to Petitioner's contention that he was entitled to equitable tolling because of his limited English, the Third Circuit has held that an "inability to read or understand English, combined with denial of access to translation or legal assistance, can constitute extraordinary circumstances that trigger equitable tolling." *Pabon*, 654 F.3d at 400. "[T]he relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting [the statutory] one-year deadline." *Id.* at 401. While Mr. Sanchez-Diaz contends that his English is limited, he has not alleged that he was denied access to translation or legal assistance. *See e.g., Guru v. Gilmore*, 2020 WL 8575166, at 8-9 (E.D. Pa. August 24, 2020) (finding that petitioner failed to explain why inability to comprehend English alone prevented him from timely filing habeas). He was provided a Spanish interpreter at both the plea and sentencing hearings. *See* Plea Hearing Tr., ECF No. 5-2, Ex. B at 1; Sentencing Hearing Tr., ECF No. 5-3, Ex. C at 1. Moreover, in Petitioner's Application for Permission to Enter Plea of Guilty ("Rule 11 Form"), Petitioner certified that he either read the plea agreement or had it read to him in Spanish. *See* Rule 11 Form, ECF No. 5-4, Ex. E at 5.

Furthermore, Mr. Sanchez-Diaz has not explained how severe an obstacle his limited English was to the timely filing of his habeas petition. The facts of his drug trafficking case are straightforward and the legal theories he advances in support of this application are based in part on defense counsel's arguments raised in the sentencing memorandum, *see* Def.'s Sentencing Mem. dated Nov. 10, 2018, Ex. D at 3, discussed below, and at the sentencing hearing where Mr. Sanchez-Diaz had an interpreter. Additionally, Petitioner has even completed a GED in the United States. ECF No. 1 at 5. Accordingly, Petitioner has failed to demonstrate that his limited understanding of his case and of English meet the standard for extraordinary circumstances contemplated in *Pabon* and required by equitable tolling principles.

Petitioner's purported lack of necessary tools to conduct legal research, as well as other difficulties of prison life, also do not make equitable tolling appropriate in this case. *See Coker v. United States*, 2016 WL 310751, at *5 (D.N.J. Jan. 26, 2016) (stating that difficulties of prison life like transfers standing alone do not establish extraordinary circumstances to warrant equitable tolling); *United States v. Green*, 2013 WL 606341, at *3 (W.D. Pa. Feb. 19, 2013) ("[D]ifficulties attendant to prison life, such as solitary confinement, restricted access to the law library and an inability to secure court documents, are routine restrictions of prison life and do not qualify as 'extraordinary circumstances' warranting equitable tolling.").

Petitioner has failed to demonstrate that equitable tolling of the one-year deadline should apply to his § 2255 motion.

B. <u>Ineffective Assistance of Counsel</u>

In addition to being time-barred, Petitioner's habeas application is not meritorious. Claims of ineffective assistance are governed by the two-prong test set announced in *Strickland v. Washington*, 466 U.S. 668 (1984). To make out such a claim under Strickland, a petitioner must first show that "counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687; *see also United States v. Shedrick*, 493 F.3d 292, 299 (3d Cir. 2007). A petitioner must also show that counsel's allegedly deficient performance prejudiced his defense such that the petitioner was "deprive[d] of a fair trial ... whose result is reliable." *Strickland*, 466 U.S. at 687; *Shedrick*, 493 F.3d at 299. To satisfy Strickland's second prong, a petitioner must demonstrate that "there is a reasonable probability, [that] but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see also Shedrick*, 493 F.3d at 299. Where a "petition contains no factual matter regarding Strickland's prejudice prong, and [only provides] ... unadorned legal conclusion[s] ... without supporting factual allegations," that petition is insufficient to warrant an evidentiary hearing, and the petitioner has not shown his entitlement to habeas relief. *See Palmer v. Hendricks*, 592

5

F.3d 386, 395 (3d Cir. 2010). A petitioner's "failure to satisfy either prong defeats an ineffective assistance claim." *United States v. Cross*, 308 F.3d 308, 315 (3d Cir. 2002).

        i.     <u>Sentencing and Mitigating Factors</u>

Petitioner claims that he was advised by his counsel "about the five and half years [sentence] recommendation to the court," which is the sentence that he expected to receive. ECF No. 1. He further contends that his counsel failed to properly investigate and present at plea negotiations and to the Court mitigating factors such as employment history, tax payment history, education, and character references, which would have made a sentence of less than 66 months "more probable." *Id.*

However, the plea agreement, signed by Petitioner on March 24, 2018, explicitly states: "The violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) to which SANCHEZ DIAZ agrees to plead guilty carries a statutory mandatory minimum sentence of 10 years, a statutory maximum prison sentence of life . . ." Plea Agreement, ECF No. 5-1, Ex. A at 2. The plea agreement also states:

> The sentence to be imposed upon SANCHEZ DIAZ is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence SANCHEZ DIAZ ultimately will receive.

*Id.* Petitioner confirmed that he signed the plea agreement on March 24, 2018 after reading it "thoroughly" and discussing it with his counsel who answered any questions he may have had about it. Plea Hearing Tr., ECF No. 5-2, Ex. B at 10:2-8.

Prior to the plea hearing, Petitioner certified in the Rule 11 Form that his lawyer had informed him, and that he understood that by pleading guilty to the Information, he faced a mandatory minimum punishment of ten years' imprisonment. Rule 11 Form at 3. Defense counsel signed the Rule 11 Form stating that he had previously reviewed it with Petitioner. *Id.* at 8. During the plea hearing, the Court asked Petitioner whether the answers reflected on the Rule 11 Form were "truthful, complete and accurate" and Petitioner responded, "Yes, they are complete" and stated that he signed the Rule 11 Form voluntarily. Plea Hearing Tr. 11:23-12:13.

At the plea hearing, Petitioner testified he understood the offense to which he was pleading guilty carried a mandatory minimum sentence of 120 months and that his ultimate sentence was within the Court's discretion.

> COURT: If I accept your plea of guilty, you will be facing the following penalties. You will be facing a statutory maximum prison sentence of up to life in prison and a statutory mandatory minimum prison sentence of ten years. Do you understand that?
>
> SANCHEZ-DIAZ: Yes

*Id.* at 6:17-22; 7:2-6, 8:2-8.

> COURT: You should also know that when it comes to sentencing, that's in the discretion of the Court, myself. And the sentencing guidelines are advisory, they are not mandatory. And I could sentence you up to the maximum that I explained to you. Do you understand that?
>
> SANCHEZ DIAZ: Yes.

*Id.* at 10:16-22. Petitioner also confirmed that he was satisfied with his attorney's services, *id.* at 4:12-14, and that he had discussed with his attorney the rights he was giving up by pleading guilty. *Id.* at 9:15-18.

Based on this record, Petitioner's claim that he believed he would receive a sentence of 66 months' imprisonment "at most" is without merit. Petitioner acknowledged on multiple occasions that the offense to which he was pleading guilty carried a mandatory minimum sentence of 120 months' imprisonment and that his sentencing would be in the Court's discretion and could be between 120 months to life imprisonment.

Next, Petitioner claims that his counsel failed to investigate and present to the Court mitigating factors that would have made a sentence of less than 66 months "more probable." However, at the sentencing hearing, the Court ultimately determined that, consistent with the plea agreement, Petitioner qualified for safety valve treatment, resulting in a total offense level was 27, which carried a Guideline range of 70 to 87 months' imprisonment. Sentencing Hearing Tr. 4:11-5:4. The parties' plea agreement provided that if the Court determined Petitioner met the safety-valve criteria, neither party would argue for the imposition of a sentence outside the Guidelines range resulting from the agreed total Guidelines offense level of 27. Plea Agreement, Sch. A at 7.

During the sentencing hearing, and in his sentencing submission, defense counsel advocated for the minimum sentence permitted by the terms of the parties' plea agreement—a sentence "not to exceed seventy (70) months." *See* Def.'s Sentencing Mem.

dated Nov. 10, 2018, Ex. D at 3. In that sentencing memorandum, counsel addressed Petitioner's history and characteristics arguing, *inter alia,* that: Mr. Sanchez-Diaz's criminal conduct was "aberrational and completely inconsistent with a life marked by hard-work and family commitment," Ex. D at 1; the character letters submitted on Petitioner's behalf "almost universally speak of compassion, generosity, hard work and selflessness," Ex. D at 5; and there was "no indication that Mr. Sanchez-Diaz was known to law enforcement previously or that he had engaged in the actual distribution of narcotics prior," Ex. D at 8; and that Petitioner "was no more than a courier who displayed poor judgment on this one occasion" Ex. D. at 8. At the sentencing hearing, the Court recognized that defense counsel had done a "nice job" with his submission but nonetheless rejected the contention that Mr. Sanchez-Diaz's conduct was aberrational and that he was a simple courier. Sentencing Hearing Tr. 16:13-19; 11:4-6; 11:16-23.

In short, as reflected in the record, there is no evidence that defense counsel's performance was at all deficient or that he made errors "so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Strickland*, 466 U.S. at 687.

Moreover, Petitioner cannot satisfy the *Strickland* prejudice prong by showing that the outcome of his sentencing hearing would have been different but for defense counsel's errors. Petitioner knowingly and voluntarily pleaded guilty to an offense carrying a mandatory minimum sentence of 120 months, but due to a two-point reduction from the application of the safety valve provision of U.S.S.G. § 5C1.2 and three points for acceptance of responsibility, the Court ultimately determined Petitioner's offense level to be 27 and sentenced him to a term within the Guideline range of 70 to 87 months. There is no evidence of a reasonable probability of a different outcome.

Petitioner has not demonstrated that defense counsel failed to properly investigate and present at plea negotiations the mitigating factors Petitioner claims entitled him to a sentence of 66 months or less.

    ii.    <u>Investigation Relating to "Fast Track"</u>

Petitioner next claims his counsel was ineffective for failing to investigate the law as it relates to the "Fast Track" program. ECF No. 1 at 6-7. Petitioner posits that had counsel investigated the "Fast Track" program "he would have discovered that [Petitioner met] the stated criteria and use[d] that knowledge during the plea negotiation process." *Id.*

Petitioner's argument has no merit. "The District of New Jersey has an Illegal Reentry Fast-Track Program Policy ("Fast-Track Program"), pursuant to a U.S. Department of Justice Memorandum dated January 31, 2012, under which illegal reentry defendants may be eligible for a two or four-level downward departure in their U.S. Sentencing Guidelines range, if they qualify and agree to certain terms." *Abreu v. United*

8

*States*, 2018 WL 4688321, at *1 (D.N.J. Sept. 28, 2018) (footnotes omitted). "Fast-track disposition in the District of New Jersey is only available for defendants charged with felony reentry in violation of 8 U.S.C. § 1326." *Mercedes v. United States*, 2015 WL 1115008, at *4 (D.N.J. March 11, 2015). Here, Petitioner was never eligible for fast-track disposition because he was not charged with criminal re-entry. *See id.* Rather, he was charged with a significant drug trafficking offense that carries a statutory mandatory minimum sentence of ten years' imprisonment. Accordingly, defense counsel did not render ineffective assistance by not investigating or pursuing benefits associated with the fast-track program for which Petitioner was never eligible.

## III.   CONCLUSION

For the reasons noted above, Petitioner's request for relief pursuant to 28 U.S.C § 2255 is **DENIED.**

December 21, 2021

*/s/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**